UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JAMES A. SIMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos: 4:05-cr-16 |
| ) | 4:08-cv-49 |
| ) | *Collier* |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner James A. Sims ("petitioner"). The government has filed its response to the § 2255 motion and petitioner has filed his reply to the response. For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Petitioner was indicted on a charge of conspiracy to distribute 50 grams or more of cocaine base ("crack") as well as seven counts of distribution of crack cocaine [Criminal Action No. 4:05-cr-16, Court File No. 2, Indictment]. He was convicted by a jury of conspiracy to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B), and six counts of distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). The jury specifically found that the government had proved beyond a reasonable doubt that the conspiracy involved five grams or more of crack cocaine, but that the government had not proved beyond a reasonable doubt that the conspiracy involved in excess of 50 grams of crack cocaine [Court File No. 42, Jury Verdict].

The probation officer determined that petitioner was accountable for 737.1 grams of crack cocaine, which resulted in a base offense level of 36 pursuant to USSG § 2D1.1(c)(2)

[Presentence Investigation Report, p. 6, ¶ 29]. Petitioner received a two-level increase for his role in the offense as a leader, which resulted in a total offense level of 38. [*Id*. at 7, ¶¶ 32, 38]. Petitioner's criminal history category was I, based upon no criminal points [*id*. at 8, ¶ 43], which combined with a total offense level of 38 resulted in an advisory sentencing guideline range of 235-293 months. [*Id*. at 12, ¶ 67].

Petitioner filed several objections to the Presentence Report. Among other things, he objected to the drug amount, claiming that he should only be held accountable for five to 20 grams of crack cocaine; he also objected to the two-level increase for role in the offense [*Id*., Addendum, Objections]. The Court found that petitioner was accountable for more than 500 grams of crack cocaine [Court File No. 63, Transcript of Sentencing Hearing, p. 34]. The Court also found that petitioner was correctly given the two-level increase for his role as a leader in the offense. [*Id.* at 35]. The Court then sentenced petitioner to concurrent terms of imprisonment of 235 months on each conviction, which was the bottom of the advisory guideline range. [*Id.* at 38]. The sentence was affirmed on direct appeal. *United States v. Sims*, 241 F. App'x 329 (6th Cir. Aug. 23, 2007).

Petitioner subsequently filed a motion to reduce his sentence based upon Amendment 706 to the Sentencing Guidelines, which lowered certain offense levels applicable to crack offenses. The motion was granted and petitioner's sentence was reduced to 188 months. In support of his § 2255 motion, petitioner alleges several instances of ineffective assistance of counsel.

III. Discussion

### A. *Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222,

4

229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges his attorney rendered ineffective assistance of counsel by failing to raise on appeal the following: (1) that the Court's sentence was based upon enhancements not proven by a preponderance of the evidence; (2) that the Court treated the guidelines as mandatory; (3) that the amount of 500 grams of crack cocaine and petitioner's leadership role were not proven to a jury beyond a reasonable doubt; and (4) that the indictment was insufficient because it did not charge the 500 grams of crack cocaine or the leadership role. Petitioner also alleges his attorney failed to object to either his being accountable for 500 grams of crack cocaine or the two-level increase based upon his leadership role.

The latter claim is contradicted in the record. As previously noted, counsel unsuccessfully objected to the amount of crack cocaine for which petitioner was held accountable as well as the two-level increase based upon petitioner's leadership role in the offense.

With respect to petitioner's first, second, and third claims, counsel challenged petitioner's sentence on direct appeal "on the grounds that the sentencing judge engaged in unconstitutional fact-finding in determining Sims's sentence, or in the alternative, that because the district court sentenced Sims to a sentence at the minimum guideline range, he should be resentenced because the judge would not depart below the guideline range." *United States v. Sims*, 241 F. App'x at 329.

The Sixth Circuit found that the district court's fact-finding as to the quantity of crack cocaine by a preponderance of the evidence was supported in the record and did not run afoul of *United States v. Booker*, 543 U.S. 220 (2005). *Id*. at 331. The Sixth Circuit also noted that petitioner did not have a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "as the sentence imposed was well within the prescribed statutory maximum for the drug quantity found by the jury." 241 F. App'x at 330. Finally, the Sixth Circuit noted that "the district court explicitly stated at sentencing that it knew the guidelines were advisory, not mandatory." *Id*. at 330-31. The Court thus rejected petitioner's argument that the district court would have departed under the guideline range had the court not believed the guidelines were mandatory. Petitioner's first, second, and third claims were thus foreclosed by the Sixth Circuit.

With respect to petitioner's claim that his attorney should have objected to the indictment as insufficient, this claim also lacks merit. In *Apprendi*, the Supreme Court considered an enhanced punishment for a firearm conviction under New Jersey's hate crime statute, and held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In federal prosecutions, such facts must also be charged in the indictment. *Id*. at 476 (citing *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)).

Petitioner was convicted of conspiracy to distribute five grams or more of crack cocaine. At the time of his conviction, conspiracy to distribute five grams or more of crack

cocaine carried a term of imprisonment of five to 40 years. 21 U.S.C. § 841 (b)(1)(B) (2006). Petitioner received a sentence of just under 20 years. As the Sixth Circuit on direct appeal pointed out, petitioner's sentence did not exceed the statutory maximum. The fact that the indictment did not charge the 500 grams of crack cocaine or petitioner's leadership role was irrelevant, and counsel was not ineffective in failing to raise the issue. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (an attorney is not required to raise meritless issues on appeal); *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Based upon the foregoing, petitioner has failed to demonstrate he received ineffective assistance of counsel under either prong of the *Strickland* standard.

IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**